**43 So.2d 146**

**MARX et al. v. SPEARMAN.**

**No. 38474.**

Supreme Court of Louisiana.

June 30, 1949.

Rehearing Denied Nov. 7, 1949.

Arthur L. Ballin, J. L. Warren Woodville, New Orleans, for defendant and appellant.

Fred C. Marks and Sidney G. Roos, New Orleans, for plaintiffs and appellees.

HAWTHORNE, Justice,

Defendant, Mrs. Emma Pelham Spearman, has appealed to this court from a judgment of the district court, by which, after trial on the merits, plaintiffs were awarded the sum of $3943.29, the amount expended by them for labor, including overtime, compensation insurance, and social security tax, and for materials and sales tax in the installation of refrigerating equipment for the making of ice for a skating rink at the Riviera Theatre Club, 320 Dauphine Street, sometimes referred to as the old Dauphine Theatre.

On Febuary 26, 1944, defendant entered into a contract with one Jack Joyce for the reconditioning of the Dauphine Theatre for the purpose of conducting an ice floor show therein. In this contract Joyce agreed to pay her 50 per cent of the net profits which might be derived from paid admissions, concessions, and other revenues during his operation of the theatre, in consideration of her paying for the reconditioning of the theatre and meeting the requirements of the owner so that Joyce might be granted the lease of the theatre. It was additionally provided that Mrs. Spearman's daughter was to be given a position as secretary or show girl in the theatre, and Joyce agreed to accept responsibility for acquiring stage shows, orchestras, advertising, publicity, and licenses.

The theatre was reconditioned, and an ice skating rink was installed, but only a few performances were staged before the venture failed and the theatre was closed.

On April 11, 1944, a short time after defendant's contract with Joyce was executed, a letter written on the stationery of Jack Joyce's Riviera Theatre Club was addressed to the American Heating & Plumbing Company, the business operated by plaintiffs, reading as follows:

"Please accept this as our official order for you to install a refrigerating equipment for cooling & making ice for the skating rink in this building. Work to proceed straight through including all necessary overtime so as to complete installation at earliest possible moment agreement to all conditions of labor including double time for overtime. Payment in full to be made within 5 days completion of job."

This letter was signed:

"The Riviera Theatre Club
"Mrs. E. Spearman".

Pursuant to this letter, plaintiffs installed the ice skating rink, furnishing all necessary labor and material. In due time defendant was presented with the bill from plaintiffs, amounting to a total of $5023.36, which included, in addition to the cost of labor and materials, items of profit, overhead, drayage, etc. Upon defendant's failure to pay the bill, plaintiffs instituted this suit.

The facts in the instant case are very similiar to the facts as found by the Court of Appeal for the Parish of Orleans in a

case styled Voelker v. Spearman, 26 So.2d 232. Mrs. Emma Pelham Spearman was also defendant in that case, and judgment was rendered therein in favor of plaintiff, and writs were denied by this court.

According to the testimony of the defendant herein, she admitted the execution of the contract with plaintiffs, but here, as in the Voelker case, she contends that she signed the contract as a courtesy to Jack Joyce, who was not in the theatre when it was presented to her; that her signing was of a temporary nature since she expected Joyce to sign the contract later, and that she is therefore not liable for the amount of the bill.

◼ This case involves only a question of fact, and we are unable to find any manifest error in the trial judge's judgment for plaintiffs herein.

There is testimony in the record, which the trial judge accepted as true, to the effect that, on the date the contract was executed, plaintiffs' superintendent, James Oscar Ragan, went to the theatre and was at that time informed in the presence of the defendant that the work was to be performed for her, and she at that time did not deny this. The contract was then written, and was duly signed by the defendant. During the progress of the work, Mrs. Spearman was present at the theatre almost every day. After the completion of the job and her receipt of plaintiffs' bill, she called at their office seeking a reduction in the amount thereof, but in no manner denied liability.

Plaintiffs denied that they had any dealings with Jack Joyce, and also that they knew or were informed that the defendant had signed the contract as a courtesy for him, or that he was to execute it at a later date.

Mrs. Spearman in executing the contract was complying with the provisions of her agreement with Jack Joyce for the reconditioning of the theatre for the purpose of conducting an ice floor show and skating rink, and is personally liable to the plaintiffs herein.

Counsel for defendant-appellant in brief filed in this court argue that the evidence fails to show that Mrs. Spearman was the owner and proprietor of the Riviera Theatre Club, but that, on the contrary, it shows affirmatively that she was not such owner or proprietor; that these plaintiffs were not misled into believing that she was signing the document as such, and that they did not deal with her as such. Counsel are correct as to their contention that the evidence affirmatively shows that Mrs. Spearman was not the owner or proprietor of the theatre club, but it does show that she executed the contract and bound herself personally for the full payment of the work performed thereunder.

◼ Plaintiffs-appellees have answered the appeal, praying that the judgment of the lower court be amended so as to increase the award to the full amount prayed for in their petition, $5023.36, in order to include items of profit, overhead, drayage, etc. The trial

judge in his judgment denied these items because the plaintiffs had failed to prove them. Our reading of the record convinces us that he did not err in his ruling.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.

O'NIELL, C. J., takes no part.